William W. Snow and Jacob P. Van Woert vs. James Green and John C. Fish.

Assignees for the benefit of creditors are not liable for costs on a suit commenced before the assignment, and carried on afterwards by the assignor as plaintiff, without the knowledge or control of the assignees : although the assignor was a general agent of the assignees to settle the assigned property; judgment for costs being obtained against him after the assignment.

*Motion by defendants that an attachment issue against Roderick I. Emmons and Peter Van Woert, as assignees of the plaintiffs, for refusing*

*to pay defendant's costs in this suit.*—The plaintiffs sued the defendants in the summer of 1843, on a book account for $130. On the 16th Oct., 1843, the plaintiffs being insolvent, made a general assignment of all their effects to Roderick I. Emmons and Peter Van Woert, for the benefit of all their creditors, and made Jacob P. Van Woert their agent, to settle up the assigned accounts, he acting under the specific direction of the assignees. The demand against the defendants, which was then in suit, was assigned with the other effects &c. of plaintiffs. On the 3d May, 1845, a judgment of non-suit for $185·55 cost was rendered against the plaintiffs in favor of the defendants, the cause not having been tried on the merits. A demand was subsequently made of the assignees for the amount of the costs, and payment refused. Fish swore in his affidavit that during the pendency of the suit, he told Emmons, one of the assignees, that unless the assignees interfered and stopped the suit, the defendants should look to them for costs. Emmons stated in his affidavit that in the winter previous to the judgment of non-suit, Fish inquired of him how it would be about costs in the case of Snow and Van Woert, provided the defendants succeeded; he replied that he knew nothing about it ; it was a matter between themselves. Fish did not inform him any thing about the nature of the action, and he did not know but it was an action of trespass or ejectment from any thing which he learned from Fish. Jacob P. Van Woert swore that he carried on the suit with his own funds, the assignees never had any control of the suit, and did not, directly or indirectly, countenance the same, and he believed the assignees knew nothing about it; both the assignees swore to the same effect.

R. W. Peckham, *Defts Counsel.*    J. B. Steele, *Defts Atty.*

N. Hill Jr., *Counsel for Ass's.*    W. H. Olin, *Atty for Assignees.*

The defendants insisted that Jacob P. Van Woert was a general agent of the assignees, and had carried on the suit with their knowledge, and that the assignees under Van Woert's general authority from them were liable for costs. On the part of the assignees it was insisted, that the assignees were such solely for the benefit of all the creditors of the plaintiffs, that the assignees knew nothing of the suit being commenced or carried on against the defendants, who were both insolvent ; that the demand for which the suit was brought is a valid and subsisting claim against defendants, and is still unpaid.

Beardsley, Justice.—There is plausible ground for the motion. It is however positively sworn to by the assignees and agent, that the assignees never knew any thing about this suit. All the affidavits go to show that at the time of prosecution the defendants were insolvent. Some of the

affidavits show that there was a general authority of the agent. The agent swears whatever he did in this suit he did in his own right, and advanced his own money. The court does not feel at liberty to disbelieve the two assignees, that they had never interfered and carried on the suit. Although the agent was authorized to do some things for the assignees, yet it appears he never had any express authority from them to carry on this suit. The assignees expressly deny ever having any knowledge of the cause. The case does not appeal very strongly to the equity powers of the court, and must be denied, but without costs.